IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ERIC BARKWELL and GARY MASSEY,  *
on behalf of themselves and all
other similarly situated      *
persons,

                         *

      Plaintiffs,

                         *      CASE NO. 4:09-CV-56 (CDL)
vs.

                         *

SPRINT COMMUNICATIONS COMPANY,
L.P., et al.,                *

      Defendants.          *

_____

O R D E R

Twenty-four and a half months after this action was removed

to this Court and six months after the Court denied Defendants'

motion for summary judgment, Defendants Sprint Communications

Company, L.P., Sprint Nextel Corporation, Sprint Solutions,

Inc., and Sprint Spectrum, L.P. (collectively, "Sprint") for the

first time filed a Motion to Compel Arbitration (ECF No. 63).

Because Sprint waived its right to arbitration, its motion is

denied.

It is undisputed that until Sprint filed its motion to

compel arbitration, Sprint's conduct in this litigation was

inconsistent with an intent to arbitrate the disputes presented

by the Complaint of Plaintiffs Eric Barkwell and Gary Massey

(collectively, "Plaintiffs").   Sprint never raised arbitration

as a defense, and Sprint engaged in extensive discovery and other pretrial proceedings, all of which contradicted any intention to arbitrate. Sprint now maintains that until the Supreme Court decided *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) on April 27, 2011, the law was unsettled as to whether the arbitration agreement between Plaintiffs and Sprint was enforceable notwithstanding the existence of a "class action waiver" in the agreement. Sprint relies on precedent pre-dating the Supreme Court's decision in *Concepcion* that construed some arbitration agreements that included class action waivers to be unconscionable, thus rendering the arbitration agreement unenforceable. Sprint argues that since it did not become clear until *Concepcion* was decided that the arbitration agreement here was likely enforceable, Sprint should not be found to have waived their right to arbitrate, particularly given its pursuit of arbitration shortly after *Concepcion* was decided. To decide the pending motion to compel arbitration, the Court must determine whether at the time that Plaintiffs entered into the arbitration agreements, those agreements were likely unenforceable because they included class action waivers. Since this determination requires an interpretation of the state law that applies to each Plaintiff's agreement, the Court must

evaluate Plaintiff Barkwell's claim under Georgia law and Plaintiff Massey's claim under Texas law.[1]

The Court first sets out the facts surrounding the applicable arbitration agreements and then describes the parties' conduct during this litigation that is inconsistent with an intent to arbitrate. These facts are largely undisputed.

FACTUAL BACKGROUND

**I.   The Relevant Agreements**

In this action, Plaintiffs allege that Sprint charged Plaintiffs fees that were not authorized by the cell phone contracts between Plaintiffs and Sprint. Plaintiff Eric Barkwell entered a wireless services agreement with Sprint in 2007 by signing a Subscriber Agreement. *See Barkwell v. Sprint Commc'ns Co.*, No. 4:09-CV-56 (CDL), 2010 WL 5069912, at *3 (M.D. Ga. Dec. 6, 2010). In 2009, Barkwell switched to a different cell phone plan and signed another Subscriber Agreement. *Id.* Plaintiff Gary Massey entered a wireless services agreement with Sprint in 2009 by signing a Subscriber Agreement. *Id.* Later that year, Massey added a second line to his Sprint plan and signed a second Subscriber Agreement. *Id.* Each of the Subscriber Agreements signed by Plaintiffs incorporates a Terms

---

[1] Barkwell entered into the relevant agreement in Georgia, and Massey entered into his agreement in Texas. It is undisputed that Georgia law governs Barkwell's claim and Texas law governs Massey's claim.

and Conditions document ("Terms & Conditions"), and the Court previously found that the Subscriber Agreement and the Terms & Conditions "govern Plaintiffs' relationship with Sprint." *Id.* at *4.

Each of the Subscriber Agreements signed by Plaintiffs states that the agreements are subject to mandatory arbitration as set forth in the Terms & Conditions. Defs.' Mot. to Compel Arbitration Ex. C, 2009 Barkwell Subscriber Agreement at BKW 000468, ECF No. 63-4; Defs.' Mot. to Compel Arbitration Ex. D, 2007 Barkwell Subscriber Agreement at BKW 000005, ECF No. 63-5; Defs.' Mot. to Compel Arbitration Ex. E, Massey Subscriber Agreement at BKW 000544, ECF No. 63-6. The arbitration provision in the Terms & Conditions document contains a Dispute Resolution provision, which states, in relevant part, that the parties "agree to finally settle all disputes (as defined and subject to any specific exceptions below) only by arbitration." Defs.' Mot. to Compel Arbitration Ex. B, 2007 Terms & Conditions at BKW 000498, ECF No. 63-3 [hereinafter 2007 Terms]; *accord* Defs.' Mot. to Compel Arbitration Ex. A, 2009 Terms & Conditions at BKW 000601, ECF No. 63-2 [hereinafter 2009 Terms]; Defs.' Reply in Supp. of Mot. to Compel Arbitration Ex. A, 2010 Terms & Conditions 15 of 17, ECF No. 65-1 [hereinafter 2010 Terms].

The provision states that the "arbitrator must honor the terms and limitations in the Agreement and can award the same

4

damages and relief [as a court], including any attorney's fees authorized by law." 2007 Terms at BKW 000498; *accord* 2009 Terms at BKW 000601; 2010 Terms at 16. The provision defines disputes as "any claims or controversies against each other related in any way to our Services or the Agreement including, but not limited to, coverage, Devices, privacy, or advertising, even if it arises after Services have terminated." 2007 Terms at BKW 000498; *accord* 2009 Terms at BKW 000602; 2010 Terms at 15 of 17.

The arbitration clause contains the following class action waiver provision:

> We each agree not to pursue arbitration on a classwide basis. We each agree that any arbitration will be solely between you and us (not brought on behalf of or together with another individual's claim). If for any reason any court or arbitrator holds that this restriction is unconscionable or unenforceable, then our agreement to arbitrate doesn't apply and the dispute must be brought in court.

2007 Terms at BKW 000499; *accord* 2009 Terms at BKW 000603; 2010 Terms at 16 of 17. The provision provides that each party is responsible for its "respective costs relating to counsel, experts, and witnesses, as well as any other costs relating to the arbitration" but that Sprint will cover "any arbitration administrative or filing fees" above a certain amount. 2007 Terms at BKW 000499; *accord* 2009 Terms at BKW 000603; 2010 Terms at 16 of 17.

## II.  Procedural Background

Barkwell brought this action in the Superior Court of Muscogee County in April 2009, asserting claims for breach of contract and "unconscionability."  Notice of Removal Attach. 1, Compl., ECF No. 1-1; *accord* Am. Compl., ECF No. 41 (asserting claims for breach of contract, breach of contract as a result of unconscionability and unjust enrichment).  In its Answer, Sprint raised twenty-eight affirmative defenses, but arbitration is not one of them.  *See generally* Answer, ECF No. 1-3.  Sprint removed the action based on the Class Action Fairness Act, 28 U.S.C. § 1332(d).  *See generally* Notice of Removal, ECF No. 1.  Sprint filed various pretrial motions during 2009 but did not reference the arbitration agreement.  *See generally* Defs.' Mot. for J. on the Pleadings, ECF No. 7; Defs.' Mot. to Den. Class Certification, ECF No. 11.  Massey joined the action as a Plaintiff in May 2010.  Am. Comp., ECF No. 41.  In its Answer to the Amended Complaint, Sprint raised twenty-nine affirmative defenses, but arbitration is not one of them.  *See generally* Answer to Am. Compl., ECF No. 42.

Following discovery, Sprint filed a summary judgment motion, contending that the acts of which Plaintiffs complained were permitted by the Terms & Conditions.  *See generally* Defs.' Mot. for Summ. J., ECF No. 44.  Sprint did not raise the arbitration agreement in that motion.  *See generally id.*  After

the Court denied Sprint's summary judgment motion, the parties
conferred and developed a proposed scheduling and discovery
order.  In that proposed order, which was adopted by the Court,
Sprint did not reference the arbitration agreement as a defense.
*See generally* Scheduling & Disc. Order, ECF No. 57.

Plaintiffs represent that they engaged in mediation with
Sprint during 2011 and that they reached a settlement agreement.
Pls.' Resp. to Defs.' Mot. to Compel Arbitration Ex. C, Webb
Decl. ¶¶ 7-11, ECF No. 64-3.  According to Plaintiffs, however,
Sprint contacted Plaintiffs in early May 2011 to advise
Plaintiffs that their claims were subject to an arbitration
provision and that Sprint planned to move to compel arbitration.
*Id.* ¶¶ 12, 14.

DISCUSSION

Section 2 of the Federal Arbitration Act ("FAA") makes
agreements to arbitrate "valid, irrevocable, and enforceable,
save upon such grounds as exist at law or in equity for the
revocation of any contract."  9 U.S.C. § 2.  "Although
arbitration agreements governed by the FAA are to be liberally
enforced, courts will not compel arbitration when the party who
seeks to arbitrate has waived its right to do so."  *Krinsk v.
SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011)
(citations and footnote omitted).  The courts apply a two part
test to determine whether a party has waived its contractual

right to arbitrate.   First, the courts decide if, "under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Id.* (internal quotation marks omitted); *accord S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990).   Second, the courts "look to see whether, by doing so, that party has in some way prejudiced the other party." *Krinsk*, 654 F.3d at 1200 (internal quotation marks omitted); *accord S&H Contractors, Inc.*, 906 F.2d at 1514.

"[A] party has acted inconsistently with its right to arbitrate where its conduct-including participation in litigation-manifests an intent to avoid or to waive arbitration." *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (per curiam).   In *S&H Contractors, Inc.*, for example, the Eleventh Circuit found that the party seeking arbitration had waived its right to demand arbitration because it "waited eight months from the time it filed its complaint to the time it demanded arbitration" and because the parties engaged in significant discovery during that time.   *S&H Contractors, Inc.*, 906 F.2d at 1514.   Similarly, the Eleventh Circuit concluded in *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1544 (11th Cir. 1990) that a party had waived its right to demand arbitration by delaying "over one year and eight months before seeking to enforce its arbitration agreement."

Here, the original Complaint was filed in April 2009 and the
Amended Complaint was filed in May 2010.  Sprint did not seek to
compel arbitration until May 2011—after the parties engaged in
extensive discovery and the Court ruled on Sprint's summary
judgment motion.

Sprint contends, however, that its participation in
litigation should not constitute a waiver because Sprint "had a
reasonable basis to believe that arbitration would not be
compelled under the law as it stood prior to *Concepcion*."[2]
Defs.' Br. in Supp. of Mot. to Compel Arbitration 7, ECF No. 63-
1.  It is true that if a claim is not arbitrable when an action
is commenced, participation in litigation does not constitute a
waiver of arbitration if a change in the law later renders the
claim arbitrable.  *Benoay v. Prudential-Bache Sec., Inc.*, 805
F.2d 1437, 1440 (11th Cir. 1986) (per curiam).  In other words,
litigants are not required "to engage in futile gestures merely
to avoid a claim of waiver."  *Id.* (internal quotation marks
omitted).  In *Benoay*, the defendants "could not have obtained an
order compelling arbitration" under the law of the Eleventh
Circuit when the action was commenced.  *Id.*  When the Supreme
Court handed down a decision that rejected the Eleventh

---

[2] In *Concepcion*, the Supreme Court reviewed a California rule
classifying most collective-arbitration waivers in consumer contracts
as unconscionable and held that the rule was preempted by the FAA.
*Concepcion*, 131 S. Ct. at 1753.

Circuit's approach, however, the defendants' right to arbitrate the claims accrued.  *Id.*

In this case, Sprint argues that the class action waiver at issue here would have been considered unconscionable before *Concepcion* because Plaintiffs did not bring their claims under a fee shifting statute.  Sprint relies upon *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223-24 (11th Cir. 2007), which holds that class action waivers in arbitration agreements may be unconscionable under Georgia law when no remedy exists providing sufficient certainty that attorney's fees and costs may be recovered by a prevailing consumer to enable the consumer to obtain representation.  The *Dale* court noted that in Georgia, unless a plaintiff's claim arises under a statute that allows a prevailing party to recover attorney's fees, the plaintiff may recover attorney's fees under O.C.G.A. § 13-6-11, which only authorizes such recovery when the "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."  *Dale*, 498 F.3d at 1223.  Sprint argues that the lack of more certainty regarding the recoverability of attorney's fees here makes the class action waiver unconscionable and the arbitration agreement unenforceable under the applicable law that existed prior to the *Concepcion* decision.

10

The Court finds Sprint's argument unpersuasive.  First, Sprint mistakenly applies Georgia law to the claims of both Barkwell and Massey.  Though Georgia law applies to Barkwell's claims, the parties agree that Texas law governs Massey's claims.  It would not have been futile for Sprint to seek arbitration of Massey's claims prior to *Concepcion*.  Arbitration clauses with class action waivers are routinely enforced under Texas law, even in small value consumer cases.  In *AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190 (Tex. App. 2003), for example, a consumer challenged the documentary fee charged by a used car dealer, contending that she was required to pay $45 more than Texas law allowed.  *AutoNation USA Corp.*, 105 S.W.3d at 194.  The consumer argued that the arbitration provision in her contract with the car dealer was "substantively unconscionable because prohibiting class treatment of small-damage consumer claims is fundamentally unfair."  *Id.* at 199.  The consumer argued that "without the class action device, consumers will be disinclined to pursue individual remedies for small damages."  *Id.* at 200.  The court disagreed and found that the class action waiver did not render the arbitration agreement unconscionable or contrary to public policy.  *Id.* at 200-01; *see also In re Olshan Found. Repair Co.*, 328 S.W.3d 883 (Tex. 2010) (upholding arbitration agreements over unconscionability objection in home repair breach of contract case because

11

homeowners had not established that arbitration costs were so excessive as to prevent the homeowners from effectively vindicating their rights in the arbitral forum); *cf. Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294 (5th Cir. 2004) (applying Texas law and finding that arbitration clause with a class action waiver was not unconscionable); *In re Green Tree Servicing LLC*, 275 S.W.3d 592, 604 (Tex. App. 2008) (finding that arbitration agreement in manufactured home retail installment agreement was not substantively unconscionable).

Texas courts have not squarely addressed whether the enforceability of a class action waiver hinges on the availability of attorney's fees, but the Court notes that Texas law provides for attorney's fees and costs in breach of contract claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8); *accord RM Crowe Prop. Servs. Co. v. Strategic Energy, LLC*, 348 S.W.3d 444, 452 (Tex. App. 2011) (stating that a person who prevails on a breach of contract claim may recover reasonable attorney's fees and that the court has no discretion to deny fees that are proper under § 38.002(8)). Therefore, even if the *Dale v. Comcast Corp.* rule applied in Texas, rendering unconscionable class action waivers unless the arbitration provision provided for attorney's fees or the claims arose under a fee shifting statute, the class action waiver here would not be unconscionable given the availability of attorney's fees

12

under Texas law.  For these reasons, it would not have been clearly futile for Sprint to seek arbitration of Massey's claims as soon as they were asserted.  Sprint, however, continued to participate in litigation for an entire year before seeking arbitration.  Therefore, the Court concludes that Sprint waived its right to demand arbitration of Massey's claims in this action.

The Court also finds that it would not have been clearly futile for Sprint to seek arbitration of Barkwell's claims.  In determining whether an arbitration agreement is unenforceable because it contains provisions that are unconscionable, the Court looks at the available remedies at the time that the agreement was entered into and not the specific relief sought in a subsequently filed complaint.  *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1126-27 (11th Cir. 2010) (per curiam).  In *Cappuccitti*, the plaintiff challenged the cancellation fee charged by his satellite television provider, and he brought claims for "Money Had and Received" and "Unjust Enrichment." *Id.* at 1121.  He also sought a declaration that the fee was unlawful and unenforceable under Georgia law.  *Id.*  He did not specifically assert a claim under Georgia's Fair Business Practices Act, which permits a prevailing plaintiff to recover attorney's fees.  *Id.* at 1126.  The Eleventh Circuit found, however, that the plaintiff *could have* brought a claim under the

13

Fair Business Practices Act "on the theory that the early cancellation fee is invalid as unfair or deceptive" under the Act. *Id.* at 1127 (internal quotation marks omitted). The court also emphasized that the remedy was available at the time that the plaintiff entered into the allegedly unconscionable contract, which is the determinative moment for determining the unconscionability of the agreement. *Id.* at 1126. Under this same rationale, the Court finds that when Barkwell entered into the pertinent agreement here, he had available remedies under the Georgia Fair Business Practices Act and that one of those remedies was a claim for attorney's fees.[3] Therefore, even though he did not assert a claim under the Fair Business Practices Act in his Complaint, the existence of that remedy at the time he entered into the contract must be considered in determining whether the agreement was unconscionable. In light of that available remedy, the Court finds it would not have been

---

[3] Under the Georgia Fair Business Practice Act, "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful." O.C.G.A. § 10-1-393(a). Attorney's fees are available under the Act. O.C.G.A. § 10-1-399(d). Plaintiffs allege that the contractual provisions regarding Sprint Surcharges are unfair, that Sprint "unnecessarily and arbitrarily" imposed the Sprint Surcharges, and that Sprint induced them to enter the agreements without adequately disclosing its practices related to the Sprint Surcharges. Am. Compl. ¶¶ 68-71, ECF No. 41. The Eleventh Circuit in *Cappuccitti* concluded that, "at least in substance," similar allegations "stated an unfair or deceptive acts or practices claim without citing § 10-1-393(a)." *Cappuccitti*, 623 F.3d at 1126.

clearly futile for Sprint to seek arbitration of Barkwell's claims prior to the Supreme Court decision in *Concepcion.*

The Court rejects any suggestion by Sprint that *Cappuccitti* is inconsistent with the Eleventh Circuit's prior decision in *Dale v. Comcast Corp.* To the contrary, the Court finds that it would have been unreasonable to conclude that *Dale* foreclosed a reasonable argument similar to the one adopted by the Court in *Cappuccitti.* First, *Dale* made it clear that these issues were fact intensive and must be decided on a "case-by-case basis." *Dale*, 498 F. 3d at 1224 ("[E]nforceability of a particular class action waiver in an arbitration agreement must be determined on a case-by-case basis, considering the totality of the facts and circumstances."). The *Dale* court did not adopt a bright line rule that applied to every case involving a class action waiver. Furthermore, the Eleventh Circuit in the more recent *Cappuccitti* decision did not change the law, but it instead applied the well-established principle that the court must examine the facts and circumstances as they existed at the time the contract was entered. Moreover, even if Sprint was reasonable to conclude that the arbitration agreement was not enforceable before the Eleventh Circuit issued the *Cappuccitti* decision, Sprint offers no reasonable excuse for waiting an additional six months after that decision to express an intent to seek arbitration. For all

of these reasons, the Court finds that Sprint has waived its right to compel the arbitration of Barkwell's claims.

CONCLUSION

As discussed above, Sprint did not timely seek arbitration, and the Court concludes that Sprint has waived its right to compel arbitration. Therefore, Sprint's Motion to Compel Arbitration (ECF No. 63) is denied.

The stay in this action is lifted. The parties shall submit a jointly proposed amended scheduling order within 21 days of today's order setting out a schedule for concluding this litigation.

IT IS SO ORDERED, this 12th day of January, 2012.

S/Clay D. Land
_____
                CLAY D. LAND
        UNITED STATES DISTRICT JUDGE