# Exhibit A

# (Preliminary Approval Order)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| ERIC BARKWELL and GARY MASSEY, | : | |
| on behalf of themselves and all other | : | |
| similarly situated Persons, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-56 (CDL) |
| | : | |
| SPRINT COMMUNICATIONS | : | |
| COMPANY, L.P, SPRINT NEXTEL | : | |
| CORPORATION, SPRINT SOLUTIONS, | : | |
| INC., and SPRINT SPECTRUM, L.P., | : | |
| | : | |
| Defendants. | : | |

**[PROPOSED] ORDER  GRANTING PRELIMINARY APPROVAL OF THE  CLASS
SETTLEMENT, DIRECTING NOTICE TO THE CLASS, AND
<u>SCHEDULING FAIRNESS  HEARING</u>**

WHEREAS, the Parties to the above-captioned case have executed a Class Action Settlement Agreement, dated October 8, 2013 (the "Agreement" or "Class Settlement") wherein Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Sprint's agreements to (i) revise its wireless service agreements, disclosures, and invoice notices with regard to the nature of Sprint Surcharges, (ii) provide the approximately 2.3 million members of the Fee Notice Sub-Class with the ability to file a claim to obtain a Cash or Non-Cash Benefit, (iii) pay all fees and costs associated with providing Notice to the Settlement Class and administering the Settlement, and (iv) pay awards of attorneys' fees and expenses to Class Counsel and incentive awards to the Class Representatives (subject to the limitations outlined in the Agreement);

WHEREAS, the Settlement has been filed and come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Class Settlement and Approving the Form and Method of Notice to the Class (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and the Parties for purposes of settlement and venue is proper in this District; and

WHEREAS, this Court has considered all of the submissions related to the Motion and is otherwise fully advised:      IT IS HEREBY ORDERED:

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1.      The proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only.  The Agreement was entered into in the absence of collusion and only after extensive arm's-length negotiation by experienced counsel over the course of three mediations.  The Class Settlement is sufficiently within the range of reasonableness and should be preliminarily approved so that Notice of the Class Settlement may be given as provided in paragraph III of this Order.  In making this determination, the Court has carefully considered all Rule 23(a) and (b)(3) factors and :

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved

In re CP Ships Ltd. Secs. Litig., 578 F.3d 1306, 1314 (11th Cir. 2009) (internal quotations omitted).  This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.

## II.    THE CLASS, SUB-CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

2.      The Court provisionally certifies the following Settlement Class:

> All Persons in the United States or the U.S. territories, who are or were parties to an Individual Liable Account with Sprint for wireless services between January 1, 2007, and the date of this Agreement and who were charged or were subject to Sprint Surcharges on any or all wireless lines of service.  The Settlement Class does not include governmental or corporate accounts.

A.      The Court also provisionally certifies the Fee Notice Sub-Class, which is defined as Persons holding Individual Liable Accounts who were subject to Sprint Surcharges and who did not receive notice of Sprint Surcharge increases.  It is not possible to define that Sub-Class precisely by date, but Sprint has identified the  approximately 2.3 million members of this Sub-Class by account number and has developed lists by account number of the persons that make up this class.  For guidance and notice purposes, the Sub-Class members generally fall into one or more of the following categories:

- Individual Liable Accounts that were opened on or after November 11, 2007, and on or before December 31, 2007;

- Individual Liable Accounts that were on suspension on November 11, 2007, but that were subsequently reinstated;

- Individual Liable Accounts that were opened on or after October 5, 2008, and on or before December 31, 2008;

- Individual Liable Accounts that were on suspension on October 5, 2008, but that were subsequently reinstated;

- Individual Liable Accounts that were opened as new accounts in Sprint retail stores in 2009;

4

- Individual Liable Accounts that were opened on or after November 8, 2009, and on or before December 31, 2009; and

- Individual Liable Accounts that were on suspension on November 8, 2009, but that were subsequently reinstated.

3. The Court appoints Eric Barkwell and Gary Massey as Class Representatives.

4. The Court appoints the following persons and law firms as Class Counsel:

> E. Adam Webb, Esq.
> Matthew C. Klase, Esq.
> Webb, Klase and Lemond, LLC,
> 1900 The Exchange, S.E., Suite 480,
> Atlanta, Georgia 30339
> Tel: 770-444-0998

## III.   NOTICE TO SETTLEMENT CLASS MEMBERS AND CLAIMS PROCESS

5. The Court approves the form and content of the Notice to be provided to the Settlement Class, substantially in the forms appended as Exhibits C, D, E, and F to the Agreement.  The Court finds that the Notice program meets the Constitutional requirement of due process and Federal Rule of Civil Procedure 23(c) and (e), provides the best Notice practicable under the circumstances, and constitutes sufficient notice to all persons entitled to Notice.  The costs of disseminating the Notice shall be paid by Sprint in accordance with the Agreement.

6. The Court approves of the Claims Process for Fee Notice Sub-Class Members as set forth in the Agreement, including the Claim Form appended as Exhibit G to the Agreement. The Court finds that the Claims Process and Claim Form are reasonable and appropriate under the circumstances.  The costs of administering the Claims Process shall be borne by Sprint.

7. Sprint shall be responsible for emailing the Direct Mail Notice, disseminating the Invoice Notice, and publishing the Summary Notice in accordance with the Agreement.

8.      The Court appoints Gilardi & Co., LLC of San Rafael, California as Claims Administrator.  Responsibilities of the Claims Administrator shall include the following:  (a) establishing a toll-free phone number (to be included in the Notices for purposes of communicating with Settlement Class Members); (b) establishing and maintaining a website for purposes of posting the Long Form Notice, the Claim Form, the Agreement and related documents; (c) providing the Direct Mail Notice to all former Sprint customers with unavailable or unworking email addresses via U.S. mail; (d) causing the Publication Notice to be published in USA Today in accordance with the Agreement; (e) accepting and maintaining documents sent from Settlement Class Members, including Claim Forms, Requests for Exclusion, and other documents relating to claims administration; and (f) determining the validity of and administering claims for the allocation of the Cash Benefits and Non-Cash Benefits among Fee Notice Sub-Class Members.

## IV.   FINAL APPROVAL HEARING, REQUEST FOR EXCLUSION, AND OBJECTIONS

9.      The Court directs that a Final Approval Hearing shall be scheduled for Month 00, 2014 at 0:00 a.m./p.m. in Courtroom [[]] [[suggested dates March 10-14, 2013]] at the U.S. Post Office and Court House, 120 12th Street, Columbus, Georgia 31902, to assist the Court in determining whether to grant Final Approval to the Settlement and enter the Final Approval Order and Judgment, and whether Class Counsel's Fee and Cost Application and request for Incentive Awards for Class Representatives should be granted.  This date shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and the Settlement Website.

10.     Settlement Class Members who wish to be excluded from the Settlement Class shall mail a written Request for Exclusion to the Claims Administrator at the address set forth

in the Long Form Notice.  To be valid and timely, the Request for Exclusion must be postmarked by a date not later than 135 days from the date of this Order, and shall clearly state the following:  the full name, address, and telephone number of the person who wishes to be excluded from the Settlement Class, the signature of the person who wishes to be excluded, and the following statement:

> The undersigned individual hereby represents that he/she has authority to sign and submit this Request for Exclusion on behalf of the above-named class member. The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, et seq., or other laws governing their obligations to any class member. The undersigned understands that by submitting this Request for Exclusion, the class member identified above will not be entitled to receive any proceeds of the class settlement. By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

11.     The deadline for Requests for Exclusion shall be specified in the Mailed Notice, Invoice Notice, Summary Notice, Publication Notice, and Long Form Notice.  Any Settlement Class Member who does not properly and timely mail a Request for Exclusion shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and Judgment.

12.     The Court further directs that any person in the Settlement Class who does not timely request to be excluded from the Settlement Class may nonetheless object to the Settlement, Class Counsel's Fee and Cost Application and/or the request for Service Awards for Class Representatives.  Any such objections must be mailed to the Clerk of the Court, Class Counsel, and counsel for Sprint, at the addresses indicated in the Long Form Notice.  For an objection to be considered by the Court, the objection must be postmarked by a date not later than 135 days from the date of this Order and must include the following information:  (i) the

case name, <u>Eric Barkwell, et al. v. Sprint Communications Company, L.P., et al.</u>, Case No. 4:09-CV-56 (CDL); (ii) the objector's full name, address, and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel; (v) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (vi) the identity of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (vii) the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (viii) any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity; (ix) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (x) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (xi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (xii) the objector's signature (the objector's counsel's signature is not sufficient).

13.     An objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions, or on the shipping date if transmitted by FedEx or some other nationally-recognized express delivery service.

14.     Any Settlement Class Member who fails to file a timely and proper written objection shall have no right to appear at the Final Approval Hearing and/or file an appeal relating to the approval of this Settlement.

## V.      FURTHER PAPERS IN SUPPORT OF SETTLEMENT AND FEE APPLICATION

15.     Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for Incentive Awards for Class Representatives no later than 120 days from the date of this Order.

16.     Plaintiffs and Class Counsel shall file their responses to timely filed objections no later than seven (7) days prior to the Final Approval Hearing.

## VI.     EFFECT   OF   FAILURE   TO   APPROVE   THE   SETTLEMENT   OR TERMINATION

17.     If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Sprint shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under Federal Rule of Civil Procedure 23.  Nothing contained in this Order or the filings in support of the Settlement is, or may be construed as, any admission or concession by or against Sprint or Plaintiffs on any point of fact or law.

## VII.   STAY/BAR OF OTHER PROCEEDINGS

18.    All proceedings in this Action with respect to Sprint are hereby stayed and suspended, pending Final Approval, except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

19.    Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must precede it:

> (i)     The Claims Administrator shall establish the Settlement Website and toll-free telephone line as soon as practicable following but no later than 30 days from the date of this Order;

> (ii)    Sprint shall provide the Invoice Notice and email the Direct Mail Notice within 90 days of the date of this Order;

> (iii)   Sprint shall cause the Summary Notice to be published on its website within 30 days of the date of this Order;

> (iv)    The Claims Administrator shall provide the Direct Mail Notice via U.S. Mail to former Sprint customers with unavailable or unworking email addresses within 90 days of the date of this Order;

> (v)     The Claims Administrator shall cause the Publication Notice to be published within 30 days of the date of this Order;

> (vi)    Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and Request for Incentive Awards for Plaintiffs, no later than 120 days from the date of this Order;

(vii)   Settlement Class Members must submit any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the Request for Incentive Awards no later than 135 days from the date of this Order;

(viii)  Settlement Class Members must submit Requests for Exclusion from the Settlement by no later than 135 days from the date of this Order;

(ix)    Plaintiffs and Class Counsel may file their responses to timely filed objections to the Motion for Final Approval of the Settlement, Fee Application, and Request For Incentive Awards no later than seven (7) days prior to the Final Approval Hearing; and

(x)     The Final Approval Hearing will be held on MONTH 00, 2014 [[**suggested dates March 10-14, 2013**]] in Courtroom [[]] at the U.S. Post Office and Court House, 120 12th Street, Columbus, Georgia 31902.

**DATED** this _____ day of _____, 2013

_____
CLAY D. LAND
United States District Judge

51233029_1