# Exhibit E
# (Long Form Notice)

# AN IMPORTANT NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ABOUT A CLASS ACTION SETTLEMENT INVOLVING SPRINT

### PLEASE DO NOT CONTACT SPRINT OR THE COURT FOR INFORMATION

**Para ver este aviso en espanol, visita www.sprintsurchargesettlement.com**

A proposed national settlement has been reached in a class action proceeding alleging that Sprint improperly disclosed and/or charged certain monthly surcharges that Sprint collects from its customers to help defray certain costs, including but not limited to, costs associated with government programs and network connections ("Sprint Surcharges"). The case is entitled *Eric Barkwell, et al., v. Sprint Communications Company, L.P.*, *et al.*, Civ. No. 4:09-CV-56 (CDL) (the "Action"). You may be a member of the Settlement Class whose rights are affected by this lawsuit. The sole purpose of this notice is to inform you of the Settlement Agreement so that you may decide what steps to take in relation to it.

The parties have engaged in comprehensive settlement negotiations and information exchange. Following the parties' negotiations, the parties have reached an agreement (the "Settlement Agreement") providing for the settlement of the Action, and all Claims arising from or related to Sprint Surcharges, including the disclosure or lack thereof of Sprint Surcharges generally. Defined terms, other than those defined in this notice, shall have the meaning set forth in the Settlement Agreement. A copy of the Settlement Agreement is posted on this website. You should read the Settlement Agreement in addition to this Notice. The Court has certified a class (the "Settlement Class"), for settlement purposes only, consisting of:

> All Persons in the United States or the U.S. territories, who are or were parties to an Individual Liable Account with Sprint for wireless services between January 1, 2007, and the date of this Agreement and who were charged or were subject to Sprint Surcharges on any or all wireless lines of service. The Settlement Class does not include governmental or corporate accounts.

There is also a Sub-class, entitled the "Fee Notice Sub-Class," that is limited to Persons holding Individual Liable Accounts who were subject to Sprint Surcharges and who did not receive notice of Sprint Surcharge increases. It is not possible to define that Sub-Class precisely by date, but Sprint has identified the approximately 2.3 million members of this Sub-Class by account number and has developed lists by account number of the persons that make up this class. For guidance and notice purposes, the Sub-Class members generally fall into one or more of the following categories:

- Individual Liable Accounts that were opened on or after November 11, 2007, and on or before December 31, 2007;
- Individual Liable Accounts that were on suspension on November 11, 2007, but that were subsequently reinstated;
- Individual Liable Accounts that were opened on or after October 5, 2008, and on or before December 31, 2008;
- Individual Liable Accounts that were on suspension on October 5, 2008, but that were subsequently reinstated;
- Individual Liable Accounts that were opened as new accounts in Sprint retail stores in 2009;
- Individual Liable Accounts that were opened on or after November 8, 2009, and on or before December 31, 2009; and
- Individual Liable Accounts that were on suspension on November 8, 2009, but that were subsequently reinstated.

Class Counsel (listed below) believe that the Claims asserted in the Action have merit, but that the Settlement, described below, is in the best interests of the Settlement Class. Class Counsel have evaluated information made available in the course of the Action and settlement negotiations and have taken into account the risks and uncertainties of proceeding with this litigation. Those risks include the uncertainty of prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals. Based

upon their consideration of these factors, and on the substantial time and expense that will be incurred, Class Counsel believe it is in the best interests of the Settlement Class to settle the Action and the Released Claims on the terms described below.

Sprint denies any wrongdoing and does not believe that it has any liability to the Class Representatives or the Settlement Class. However, Sprint believes that it is in its best interest to settle the Action, under the terms of the Settlement Agreement and obtain closure on these matters for the purpose of avoiding the uncertainties, expense of, and diversion of business resources resulting from further litigation.

This notice does not imply that there have been or would be any findings of violation of the law by Sprint or that recovery could be had in any amount if the Action were not settled.

## TERMS OF THE PROPOSED SETTLEMENT

The following is a summary of pertinent provisions of the Settlement Agreement and is not a complete statement of the Settlement or of the Action. The entire Settlement Agreement is posted on this website. To take effect, this Settlement must be approved by the Court.

A.  Prospective Relief.

All Settlement Class Members shall receive the following Prospective Relief:

In collaboration with Class Counsel, Sprint has reviewed and revised its point of sale disclosures, invoice disclosures, Terms & Conditions, website disclosures, and invoice notices to reflect the following:

(1) that Sprint Surcharges are not taxes or amounts Sprint is required to collect from its customers by law;

(2) that Sprint Surcharges are separated and clearly differentiated from Government Taxes and Fees that Sprint is required to collect from customers;

(3) that Sprint shall not refer to Sprint Surcharges set by Sprint as being taxes or amounts that Sprint is required by law to collect and remit to any government entity; and

(4) that when Sprint increases the amounts of Sprint Surcharges it will provide notice of any such change which will inform customers of the change, the effective date of the change, how to obtain additional information, and a reminder to consult their Service Agreement or wireless agreement.

The revised notices and disclosures agreed to between Sprint and Class Counsel are set forth in Exhibit H to the Settlement Agreement.

B.  Benefits to Fee Notice Sub-Class Members.

In addition to the foregoing consideration, members of the Fee Notice Sub-Class may file a Claim with the Claims Administrator to receive either a Cash Benefit OR one of the Non-Cash Benefits.

The Cash Benefit is (1) a $1 account credit for a current customer or a former customer with an unpaid account due Sprint, or (2) a $1 check, electronic transfer or e-account credit to a former customer whose account is not past due.

3

The <u>Non-Cash Benefits</u> are: (1) a 30-minute long distance, domestic calling card; (2) a 30% discount on any accessory purchased at a Sprint-owned retail store, limited to one accessory; or (3) a waiver of the $36 activation fee when activating a new line of service under Sprint's then-existing Terms & Conditions of Services. To be eligible for the waiver of the $36 activation fee, the Claimant must be eligible under Sprint's activation and credit policies.

C.  <u>Attorney's Fees and Costs and Incentive Awards</u>

Class Counsel shall make a Fee and Cost Application to be heard at the Final Approval Hearing seeking an award of attorneys' fees and expenses in an amount not to exceed $500,000. The Class Representatives, Eric Barkwell and Gary Massey, are also seeking incentive awards of $5,000 each. Attorney's fees, incentive awards, claims administration, and notice costs shall be paid by Sprint, separate and apart from any monetary relief that is being paid to the Fee Notice Sub-Class.

D.  <u>Release of Claims against Sprint</u>

If the Settlement is approved by the Court, Settlement Class Members who have not filed a valid and timely Request for Exclusion shall be forever barred from asserting against Sprint any and all actions, causes of action, claims, demands, liabilities, obligations, damage claims, restitution claims, injunction claims, declaratory relief claims, fees, costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether legal or equitable, including, without limitation, violations of any state or federal statutes and laws, rules or regulations, or principles of common law, whether liquidated or unliquidated, known or unknown, in law, equity, arbitration, or otherwise, whether or not concealed or hidden, that in any way relate to, in whole or in part, or arise out of, any of the allegations, claims, and/or theories up to and including the date the Preliminary Approval Order is entered that were raised or could have been raised in the Action against Sprint arising from or related to Sprint Surcharges, Regulatory Charges, and Administrative Charges by Sprint and the disclosure or lack thereof of Sprint Surcharges generally.

The term "Released Claims" further includes any and all actions, causes of action, claims, demands, liabilities, obligations, damage claims, restitution and unjust enrichment claims, injunction claims, declaratory relief claims, fees, costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether legal or equitable, that in any way challenge: (i) Sprint's decision to bill, charge, and/or collect Sprint Surcharges to and/or from its customers; (ii) the amount or quantity of Sprint Surcharges billed to its customers; (iii) Sprint's classification of certain Regulatory and/or Administrative Charges as Sprint Surcharges; (iv) the adequacy of Sprint's disclosures, device and services training manuals and instructions, advertisements and contracting practices relating to Sprint Surcharges, including that such disclosures, device and services training manuals and instructions, contracting practices or advertisements are unlawful, unfair, deceptive, inaccurate, misleading, fraudulent, unconscionable or unreasonable; (v) Sprint's communications related to Sprint Surcharges; and (vi) Sprint's policies and procedures related to marketing, advertising, device and services training manuals and instructions, and contracting practices, describing and disclosing Sprint Surcharges.

**YOUR RIGHTS TO PARTICIPATE IN, EXCLUDE YOURSELF FROM, OBJECT TO, OR SUBMIT A CLAIM FORM**

A.  <u>If You Believe You May Be a Member of the Fee Notice Sub-Class and Desire to Submit a Claim Form to Seek a Cash or Non-Cash Benefit from the Settlement</u>

The Claims Administrator shall maintain a website for the Settlement (www.sprintsurchargesettlement.com), which enables the filing of Claim Forms online, and shall maintain a toll-free telephone number 1-866-571-4407 for potential Settlement Class Members to obtain information regarding the Settlement and/or filing a Claim Form.

Potential Fee Notice Sub-Class Members shall be given the option of completing the Claim Form online or submitting the Claim Form by mail. The Claims Administrator shall identify duplicate Claim Forms using reasonable means (such as the use of unique identifying numbers on each Claim Form) and shall object to the acceptance of any such Claim Forms as set forth below.

4

For Persons claiming a Cash Benefit or Non-Cash Benefit, the Claims Administrator shall require sufficient proof supporting a claim to meet a preponderance of evidence standard, and shall categorize the claim depending upon the type of claim and quality of proof provided, in accordance with the Settlement Benefit Rules set forth in the Agreement.

The information required shall, at a minimum, include (1) information sufficient to identify the Claimant and his or her Individual Liable Account (e.g., the Claimant's name, account number, address, and telephone number(s) for the Individual Liable Account); (2) a statement or documentation showing that the Claimant paid Sprint Surcharges; (3) the Settlement Benefit (Cash or Non-Cash) selected by the Claimant; and (4) a sworn verification under penalty of perjury that all information and documentation submitted in conjunction with the Claim Form is true and accurate.

No Fee Notice Sub-Class Member will be entitled to a Settlement Benefit if the Member: (1) previously received a credit, refund, adjustment or offset of all of the Sprint Surcharges he or she paid in conjunction with his or her Individual Liable Account; (2) released Sprint from liability arising out of Sprint Surcharges in a prior claim or lawsuit; or (3) never paid to Sprint any amounts for Sprint Surcharges.

Sprint shall have the right to object to Claims being deemed an Approved Claim for any reason that is in accordance with this Settlement Agreement. The Claims Administrator shall provide Class Counsel with a list of Claims to which an objection is made, together with the reasons for the objection. If Class Counsel do not timely dispute an objection to a Claim Form, that Claim Form shall be rejected by the Claims Administrator.

If a dispute arises between Class Counsel and Sprint regarding any objection to a Claim Form and/or decision by the Claims Administrator regarding a lack of qualifying proof on a Claim Form that results in a materially lower settlement benefit categorization than has been requested by a putative Claimant, Sprint and Class Counsel shall agree upon a dispute resolution process that shall, at a minimum, require that the Parties confer regarding same, and if no agreement is reached, the submission of the dispute to an arbitrator to be appointed by the Court. Regardless of the dispute resolution process agreed-upon, in the absence of contrary evidence from a Claimant, information from Sprint's data, customer records and billing systems shall be conclusive.

If a Claim Form is rejected by the Claims Administrator, the Claims Administrator shall provide written notice to the Claimant making the Claim by mailing a letter or emailing such notice to any email address provided by the Person for the receipt of correspondence by the Claims Administrator.

Except as set forth above, if a Claim for Cash Benefits is accepted, there shall be no notice of acceptance required to be sent to the Claimant. Tender of the settlement benefit shall suffice for notice.

If a Claim for Non-Cash Benefits is accepted, the Claims Administrator shall provide the Claimant with a letter or email containing a unique code and/or instructions that will enable the Claimant to obtain his or her Non-Cash Benefit if and when such settlement benefits are tendered, along with instructions for how and when to obtain the Settlement Benefit.

Claimants shall have until the Claims Deadline to file a Claim Form and to show sufficient proof that they are eligible under the Settlement Benefit Rules. The deadline for submitting the Claim Form shall be Month 00, 2013. Any Claim Form submitted after the Claims Deadline shall be untimely and void. In the event of a dispute over the timeliness of a Claim Form, the dispute resolution procedures described above shall apply.

No settlement benefits shall be distributed pursuant to this Settlement Agreement until after the Effective Date. If this Settlement Agreement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made. The data within Sprint's records shall be the deciding and controlling factor in evaluating the validity of eligibility for settlement benefits.

5

B.  <u>If You Desire to Exclude Yourself from the Settlement</u>

If you do not wish to remain a member of the Settlement Class, you may exclude yourself from the Settlement Class. If you request to be excluded, you will not be eligible or entitled to receive any benefits from the Settlement, you may not object to the Settlement, and you will retain any individual rights you have with respect to the Released Claims. If you wish to be excluded from the Settlement Class, you must submit a written Request for Exclusion addressed to Sprint Surcharges Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6002, Larkspur, CA 94977-6002, postmarked no later than Month 00, 2013. The Request for Exclusion must clearly state the following: the full name, address, and telephone number of the person who wishes to be excluded from the Settlement Class, the signature of the person who wishes to be excluded, and the following statement:

> The undersigned individual hereby represents that he/she has authority to sign and submit this Request for Exclusion on behalf of the above-named class member. The undersigned also certifies that he/she has not received any advice from the parties to this litigation or their attorneys concerning his/her or the class member's fiduciary obligations under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1100, et seq., or other laws governing their obligations to any class member. The undersigned understands that by submitting this Request for Exclusion, the class member identified above will not be entitled to receive any proceeds of the class settlement. By affixing my signature below, I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

A list of class members requesting exclusion will be filed with the Court. If you do not request exclusion, then you will be bound by the final judgment entered in this Action.

C.  <u>If You Desire to Object to the Settlement</u>

You may, if you desire, appear at the Final Approval Hearing to object to the proposed Settlement, the Fee and Cost Application, and/or the request for Incentive Awards for the Class Representatives if you do not submit a Request for Exclusion. To do so, you must file a written notice of objection, with the United States District Court for the Middle District of Georgia, 120 12th Street, Columbus, Georgia 31902.

For an objection to be considered by the Court, the objection must be postmarked no later than Month 00, 2013 and must include the following information: (i) the case name, *Eric Barkwell, et al. v. Sprint Communications Company, L.P., et al.*, Case No. 4:09-CV-56 (CDL); (ii) the objector's full name, address, and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iv) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel; (v) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; (vi) the identity of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (vii) the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (viii) any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between objector or objector's counsel and any other person or entity; (ix) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (x) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (xi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (xii) the objector's signature (the objector's counsel's signature is not sufficient).

Copies of any objections must be sent to:

<u>Class Counsel</u>
E. Adam Webb, Esq.
Matthew C. Klase, Esq.
Webb, Klase and Lemond, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, Georgia 30339

<u>Counsel for Sprint</u>
H. Wayne Phears, Esq.
R. Patrick Dover, Esq.
McGuireWoods LLP
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309

You have the right to consult and/or retain an attorney of your choice at your own expense, to advise you regarding the Settlement and your rights in connection with the Settlement and the Final Approval Hearing as described below. You also have the right, either personally or through an attorney retained and paid by you, to seek to intervene and object to the Settlement Agreement.

**FINAL APPROVAL HEARING; ATTORNEYS' FEES, EXPENSES, AND OTHER PAYMENTS**

On ==Month 00, 2014==, a hearing will be held in the United States District Court for the Middle District of Georgia, 120 12th Street, Columbus, Georgia 31902, to determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate, and whether judgment should be entered thereon ("Final Approval Hearing"). The date of the Final Approval Hearing is subject to change. For updated scheduling information, please visit www.sprintsurchargesettlement.com or call 1-866-571-4407.

The Court will also consider at the Final Approval Hearing Class Counsel's request for an award of attorneys' fees and reimbursement of expenses not to exceed $500,000, and the Class Representatives' request for Incentive Awards of an amount not to exceed $5,000 per Representative. Any such attorneys' fees, costs, and Incentive Awards will be paid by Sprint separate and apart from the relief being afforded to the Fee Notice Sub-Class.

Your attendance at the Final Approval Hearing is not required. However, you may be heard orally at the Final Approval Hearing in opposition to the proposed Settlement Agreement, Class Counsels' application for attorneys' fees and expenses, or the Class Representatives' request for Incentive Awards, but only if you have timely filed a written objection in the manner described above. You may also enter an appearance through an attorney, at your own expense. If you do not do so, you will be represented in the Action, and at the Final Approval Hearing, by Class Counsel.

Pending final determination of whether the Settlement should be approved, you and your representatives are barred from filing any lawsuit asserting any claims against Sprint relating to the Released Claims as defined above.

**FURTHER INFORMATION**

For more details of the matters involved in this Action, you may inspect the case files at the United States District Court for the Middle District of Georgia, *Eric Barkwell, et al., v. Sprint Communications Company, L.P., et al.*, Civ. No. 4:09-CV-56 (CDL) (USDC, M.D. GA.), located at 120 12th Street, Columbus, Georgia 31902, during regular business hours.

Inquiries regarding the Settlement Agreement, benefits and claim procedures may be directed to the Claims Administrator at the above listed address or 1-866-571-4407.

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT, TO SPRINT, OR TO SPRINT'S COUNSEL**

51233033_1