IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ERIC BARKWELL and GARY MASSEY, on behalf of themselves and all other similarly situated Persons, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO. 4:09-CV-56 (CDL) |
| SPRINT COMMUNICATIONS COMPANY, L.P, SPRINT NEXTEL CORPORATION, SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM, L.P., | : : : : : : | |
| Defendants. | : : | |

## DEFENDANTS' MOTION TO AMEND PRELIMINARY APPROVAL ORDER

Defendants Sprint Communications Company, L.P., Sprint Nextel Corporation, Sprint Solutions, Inc., and Sprint Spectrum, L.P. (collectively, "Sprint") hereby move the Court to amend the Preliminary Approval Order (D.E. 79) with respect to the notice required for those Settlement Class members who are former Sprint consumer customers and who are not Fee Notice Sub-Class members. These amendments, which are set forth in **Exhibit A** hereto, are consistent with the original intent of the parties and comport with due process. If permitted, the amendments will not affect the scheduled April 10, 2014 date for the Final Approval Hearing. In support, Sprint states as follows:

### BACKGROUND

1.   On October 9, 2013, Sprint and Plaintiffs (collectively, "the Parties") entered into a "Class Action Settlement and Settlement Agreement" setting forth the terms and conditions of the proposed settlement of this class action lawsuit and providing for dismissal of the lawsuit with prejudice (the "Settlement Agreement").  D.E. 78-1.  The Settlement Agreement

- 1 -

distinguishes between Sprint consumer customers since 2007 generally (the "Settlement Class") (D.E. 78-1 at 12, § 1, (MM)), and those specific members of the Settlement Class who did not receive notice of increases to certain surcharges (the "Fee Notice Sub-Class") (*id.* at 7, § 1(P)).

2.  As set forth in the Settlement Agreement, the approximately 2.3 million Fee Notice Sub-Class members may file a claim and request a settlement benefit. D.E. 78-1 at 15, § II (B). The general Settlement Class – which is exponentially larger than the Fee-Notice Sub-Class – receives prospective, injunctive relief in the form of revised point of sale disclosures, invoice disclosures, terms and conditions, website disclosures and invoice notices to clarify Sprint's collection of surcharges. *Id.* at 14, § II (A).

3.  On October 9, 2013, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Settlement, requesting that the Court preliminarily approve the Settlement and schedule the Final Approval Hearing. D.E. 78.

4.  On October 10, 2013, the Court entered its Order granting preliminary approval of the Settlement. D.E. 79. The Final Approval Hearing is scheduled for April 10, 2014. *Id.* at 10.

5.  Among other items, the Order directed Gilardi & Co., LLC ("Gilardi"), the Court-appointed Claims Administrator, to provide "Direct Mail Notice to all former Sprint customers with unavailable or unworking email addresses via U.S. mail . . . ." D.E. 79 at 5, 9.

6.  This Order was based on the Settlement Agreement, which defines "Direct Mail Notice" as follows:

> . . . the Notice that will be emailed to Settlement Class Members who will not receive the Invoice Notice because they are either not current Sprint customers or otherwise scheduled to receive a billing statement when the Invoice Notice is published. If an email is returned as undeliverable, or in the event Sprint does not have an email address for a Settlement Class Member, the Claims Administrator will mail the Notice in the form of a postcard. Sprint will complete the Direct Mail Notice no later than 90 days after entry of the Preliminary Approval Order . . . .

D.E. 78-1 at 6, § I(N); § III(D).

7. Although this provision suggests that all Settlement Class members who are former or non-active Sprint consumer customers must receive Direct Mail Notice, it was mistakenly included in the final version of the Settlement Agreement due to a misunderstanding between the Parties. Declaration of Patrick Dover, at ¶¶ 3-11, attached hereto as **Exhibit B**.

8. The Parties always intended that only the approximately 2.3 million Fee Notice Sub-Class members would receive Direct Mail Notice. *Id.* The other Settlement Class members would receive notice via their Sprint invoices (for active, current customers), and publication in USA Today and on Sprint's website and www.sprintsurchargesettlement.com (for former customers). *Id.* at ¶ 7.

9. This intention is manifested throughout the lengthy settlement negotiations in this lawsuit, including: (i) the July 25, 2012 Memorandum Regarding Settlement [*see* p. 4 ("[n]otice for the prospective benefit class would be through a national notice campaign, not individualized notice"), **Exhibit C** hereto]; (ii) the December 10, 2012 "Memorandum of Agreement" signed by Parties, which formed the basis of the Agreement [*see* p. 8, **Exhibit D** hereto];[1] and (ii) various drafts of the Agreement, including a version signed by Plaintiffs on September 18, 2013 [p. 20 (requiring Direct Mail Notice only for Fee Notice Sub-Class Members), **Exhibit E** hereto]; *see also* Ex. B, Dover Dec., ¶¶ 5-9.

10. Due to a misunderstanding between the Parties shortly before finalizing the Settlement Agreement, however, the phrase "Fee Notice Sub-Class members" in the definition of Direct Mail Notice was replaced with "Settlement Class Members." *See* D.E. 78-1 at 6, § I(N); §

---

[1] The Memorandum of Agreement expressly states "Members of the Fee Notice Sub-Class shall receive individual notice with their bill for existing customers, or post card notice for former customers. Members of the [Settlement] Class shall receive notice through a national notice campaign utilizing a national publication, possibly USA Today, as well as Sprint's website and/or social media."

III(D); *see also* Ex. B, Dover Dec., ¶¶ 10-11.

11.     Sprint only recently became aware of this inadvertent error while preparing the declarations detailing the Parties' compliance with the Settlement Agreement. Ex. B, Dover Dec., at ¶ 10; D.E. 85-3; D.E. 85-4. Sprint's counsel immediately notified Class Counsel of this issue, who in turn notified the Court in their Motion for Final Approval. Ex. B, Dover Dec., at ¶ 10; D.E. 85 at 18.

12.     In the months since the Court entered its Preliminary Approval Order, Gilardi and Sprint have implemented the Direct Mail Notice plan that was contemplated by the Parties throughout negotiations and as reflected in Exhibits E through E attached hereto, *i.e.*, Direct Mail Notice has been sent to the approximately 2.3 million Fee Notice Sub-Class members, not to all Settlement Class members. *See generally* D.E. 85-3; D.E. 85-4. As set forth in the recent declarations, more than 97% of the Fee Notice Sub-Class has received either Direct Mail Notice or Invoice Notice. D.E. 85-4 at 4. Meanwhile, members of the Settlement Class who are former Sprint consumer customers have received Publication Notice in USA Today and Summary Notice on www.sprint.com. *Id.* Members of the Settlement Class who are current and active Sprint consumer customers also received Invoice Notice. *Id.* All Settlement Class and Fee Notice Sub-Class members also received notice via the website established by Gilardi (http://www.sprintsurchargesettlement.com). *Id.* That was what the Parties originally intended, and, as set forth below, that is all that is required by law.

### REQUEST FOR AMENDMENT OF DIRECT MAIL NOTICE REQUIREMENT AND MEMORANDUM OF LAW

13.     Under Federal Rule of Civil Procedure Rule 23(e)(1), notice of the Settlement must be given "in a reasonable manner." The reasonableness requirement varies depending on the type of class certified for settlement purposes. *Juris v. Inamed Corp.*, 685 F.3d 1294, 1316-1321

(11th Cir. 2012) (Rule 23 sets forth "different notice requirements to different kinds of cases and even to different phases of the same case.") (citation omitted).

14. For example, Rule 23 does not require direct mailed notice in Rule 23(b)(2) class actions where class members will receive only prospective, injunctive relief (rather than monetary relief) in a class settlement. *Juris*, 685 F.3d at 1317. Because Rule 23(b)(2) class members like the Settlement Class members here are not entitled to file a claim for benefits or opt out of a settlement, only "appropriate" notice is required – not the "best notice practicable" required for Rule 23(b)(3) settlements. *See id.*; *see also* Federal Judicial Center, Manual for Complex Litigation § 21.311, pp. 287-88 (4th ed. 2004) ("Rule 23(c)(2)(A) recognizes the court's authority to direct 'appropriate' notice in Rule 23(b)(1) and (b)(2) class actions, but contemplates different and more flexible standards for those cases than for Rule 23(b)(3) actions.").

15. Applying this distinction, courts have upheld notice plans similar to the one agreed to and implemented by the Parties here. *See, e.g., Fresco v. Auto Data Direct, Inc.*, No. 03-cv-61063, 2007 U.S. Dist. LEXIS 37863, at * 18-23 (S.D. Fla. May 11, 2007) (notice plan consisting of a publication notice, website notice, and a toll-free phone number satisfied due process in Rule 23(b)(2) class settlement providing injunctive relief); *cf. Hubbard v. Donahoe*, No. 03-cv-1062, 2013 U.S. Dist. LEXIS 107096, at * 10-11, *14-15 (D.D.C. July 31, 2013) (certifying a damages sub-class under Rule 23(b)(3) and an injunctive sub-class under Rule 23(b)(2) and concluding that individual notice sent to damages sub-class was adequate).[2]

---

[2] These cases are consistent with the well-settled maxim that neither Rule 23 nor due process requires receipt of actual notice by all class members. *Juris*, 685 F.3d at 1317. Rather due process is satisfied absent "actual notice so long as the court reasonably selected a means likely to apprize interested parties." *Id.* at 1321 (individual direct notice not required for classes certified under Rule 23(b)(1) and Rule 23(b)(2) governing injunctive relief).

16.     The same result is warranted here.  The Fee Notice Sub-Class members constitute a Rule 23(b)(3) class for settlement purposes, as they have a right to file a claim to obtain a benefit.  *See* D.E. 78-1 at 15, § II (B).  Accordingly, Sprint has provided them with individual, direct mail notice in the form of emails and postcards, *i.e.* the best practicable notice required by Rule 23(b)(3).  D.E. 85-3; D.E. 85-4; *see also e.g., In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 941 (N.D. Ill. 2011) (email and postcard notice to former wireless customers who were part of a Rule 23(b)(3) settlement class satisfied Rule 23's notice requirements).

17.     On the other hand, the remaining Settlement Class members should be certified as a Rule 23(b)(2) class for settlement purposes, because they will receive injunctive, prospective relief in the form of important changes to Sprint's disclosures and contract documents.  D.E. 78-1 at 14, § II (A).  This is meaningful relief, especially in light of the Court's prior ruling on Sprint's summary judgment motion holding that Sprint customers subject to the 2008 version of Sprint's Terms & Conditions have no cause of action at all.  *Barkwell v. Sprint Communs. Co. L.P.*, No. 4:09-CV-56, 2010 U.S. Dist. LEXIS 128831, at *15-18 (M.D. Ga. Dec. 6, 2010).  The Settlement Class members, however, are not entitled to monetary relief under the Settlement Agreement and cannot file a claim.  Accordingly, the general Settlement Class should be certified under Rule 23(b)(2).

18.     The notice plan implemented by Sprint and Gilardi and agreed to by the Parties fully comports with due process and satisfies the notice requirements set forth in Rule 23.  Again, Sprint and Gilardi have provided: (i) Invoice Notice to all current Sprint consumer customers; (ii) Publication Notice in USA Today; (iii) Summary Notice on Sprint.com; and (iv) individual direct mail notice via email or postcard notice to the approximately 2.3 million Fee Notice Sub-

Class members who are former Sprint consumer customers. *See generally* D.E. 85-3; D.E. 85-4.

19. Put differently, the best practicable notice was sent to the Fee Notice Sub-Class and Settlement Class members who are current Sprint customers, while reasonable, appropriate notice was sent to those Settlement Class members who are former Sprint customers. *See id.* As set forth above, that is more than the law requires.

20. As such, Sprint respectfully requests that the Court amend the Preliminary Approval Order to require that Direct Mail Notice only be provided to members of the Fee Notice Sub-Class. Because such notice has already been given (D.E. 85-3; D.E. 85-4), there is no need to continue the Final Approval hearing or modify the Preliminary Approval Order in any other way.

WHEREFORE, Sprint respectfully requests that the Court enter the amendment to the Preliminary Approval Order attached hereto as **Exhibit A**.

Respectfully submitted this 24th day of February, 2014.

        s/ H. Wayne Phears
        H. Wayne Phears
        Georgia Bar No. 575250
        R. Patrick Dover
        Georgia Bar No. 752836
        MCGUIREWOODS LLP
        Suite 2100, Promenade
        1230 Peachtree Street NE
        Atlanta, GA 30309
        (404) 443-5500
        (404) 443-5599 (fax)
        wphears@mcguirewoods.com
        rdover@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

E. Adam Webb, Esquire
Adam@WebbLLC.com

Matthew C. Klase. Esquire
Matt@WebbLLC.com

s/ H. Wayne Phears
H. Wayne Phears

MCGUIREWOODS LLP
Suite 2100, Promenade
1230 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-443-5500
Telecopier: 404-443-5599
wphears@mcguirewoods.com