IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ERIC BARKWELL and GARY MASSEY, on behalf of themselves and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY, L.P, SPRINT NEXTEL CORPORATION, SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM, L.P.,<br><br>    Defendants. | CASE NO. 4:09-CV-56 (CDL) |

## FINAL JUDGMENT

The Court, having entered the Order Granting Motion to Amend and Motion for Final Approval of Settlement, Overruling Objections, Authorizing Incentive Awards, and Granting Application for Attorneys' Fees and Expenses, hereby ORDERS AND ADJUDGES as follows:

1.  The Court incorporates herein by reference the Order Granting Motion to Amend and Motion for Final Approval of Settlement, Overruling Objections, Authorizing Incentive Awards, and Application for Attorneys' Fees and Expenses ("Final Approval Order").

2.  Except as specifically modified by the Final Approval Order, all capitalized terms used herein shall have the meaning set forth in the Class Action Settlement Agreement ("Agreement" or "Settlement") (Dkt. No. 78-1).

3.  This Court has personal jurisdiction over all of the Settlement Class Members because they received reasonable and appropriate notice of the Settlement, which notice was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the Action and the terms of the Settlement, and to afford them an opportunity to present their objections or to request exclusion from the Settlement. Reasonable and appropriate notice has

been provided and all of Rule 23's notice requirements and due process have been satisfied. The Court also has jurisdiction over Sprint and over the Plaintiffs, all of whom have personally appeared in the Action pending before this Court. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(d)(2) and (6).

4. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(2), the Court certifies the Settlement Class defined as:

> All Persons in the United States or the U.S. territories, who are or were parties to an Individual Liable Account with Sprint for wireless services between January 1, 2007, and the date of this Agreement and who were charged or were subject to Sprint Surcharges on any or all wireless lines of service. The Settlement Class does not include governmental or corporate accounts.

Agreement § I(LL) (Dkt. No. 78-2).

5. For purposes of effectuating the Settlement, and in accordance with Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court further certifies the Fee Notice Sub-Class defined as:

> Persons holding Individual Liable Accounts who were subject to Sprint Surcharges and who did not receive notice of Sprint Surcharge increases. It is not possible to define that Sub-Class precisely by date, but Sprint has identified the approximately 2.3 million members of this Sub-Class by account number and has developed lists by account number of the persons that make up this class. For guidance and notice purposes, the Sub-Class members generally fall into one or more of the following categories:
> 
> - Individual Liable Accounts that were opened on or after November 11, 2007, and on or before December 31, 2007;
> 
> - Individual Liable Accounts that were on suspension on November 11, 2007, but that were subsequently reinstated;
> 
> - Individual Liable Accounts that were opened on or after October 5, 2008, and on or before December 31, 2008;
> 
> - Individual Liable Accounts that were on suspension on October 5, 2008, but that were subsequently reinstated;
> 
> - Individual Liable Accounts that were opened as new accounts in Sprint retail stores in 2009;

- Individual Liable Accounts that were opened on or after November 8, 2009, and on or before December 31, 2009; and

- Individual Liable Accounts that were on suspension on November 8, 2009, but that were subsequently reinstated.

Agreement § I(P) (Dkt. No. 78-2).

6. The Action is hereby dismissed with prejudice, each side to bear its own fees and costs, except as otherwise provided in the Final Approval Order.

7. As of the Effective Date, Plaintiffs and all Settlement Class Members (who do not timely opt-out of the Settlement) shall automatically be deemed to have fully and irrevocably released and forever discharged Sprint and the Released Parties from the Released Claims as set forth in Section VI of the Settlement Agreement.

8. The release in paragraph 7 above and Section VI of the Settlement Agreement. extends to all Released Claims, known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery of additional or different facts or a change in law.

9. Those persons identified on the List of Exclusions attached hereto as Exhibit A are hereby excluded from the Settlement, shall not receive any distribution from the Settlement, and are not bound by this Judgment.

10. Any person that can establish that he or she is a member of the Fee Notice Sub-Class, but was not sent Direct Mail or Invoice Notice by the Claim Administrator as set forth in the Agreement because he or she: (i) was incorrectly classified by Sprint only as a general Settlement Class member; and (ii) was not a current, active Sprint customer between December 1, 2013 and December 31, 2013 – the billing cycle during which Invoice Notice was sent – shall be entitled to file a claim for cash or non-cash benefits or request exclusion from the Settlement

3

pursuant to the Settlement Agreement. Any such claim or exclusion request shall be filed within three years of the date of this judgment.

11. The Parties to the Settlement submit to, and this Court expressly reserves and retains, exclusive jurisdiction over the Action and the Parties, including Sprint, Plaintiffs, and all Settlement Class Members, to administer, implement, supervise, construe, enforce and perform the Settlement in accordance with its terms, and to enforce the Final Approval Order.

12. Nothing in the Settlement, the Final Approval Order, or this Judgment shall be deemed to be an admission, or to constitute an adjudication by the Court, of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by Sprint or any party of any fault, liability or wrongdoing of any kind whatsoever or of any violation of statute, regulation or law.

13. In the event that the Settlement does not become effective according to the terms of the Agreement, the Final Approval Order and this Final Judgment shall be rendered null and void as provided by the Agreement, shall be vacated and all orders entered, delivered or released in connection herewith (except for the Protective Order entered by the Court – Dkt. No. 77) shall be null and void to the extent provided by and in accordance with the Agreement.

14. Plaintiffs, all Settlement Class members, and all Fee Notice Sub-Class members are hereby barred and enjoined from asserting any of the Released Claims including, without limitation, during any appeals from the Final Approval Order and this Judgment.

**DATED** this 18th day of April, 2014.

                                          s/Clay D. Land
                                          CLAY D. LAND
                                          United States District Judge